**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000684
18-NOV-2021
07:50 AM
Dkt. 69 SO**

NO. CAAP-18-0000684

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
REXFORD MILO, Defendant-Appellee, and
24HR BEST DEAL BAIL BONDS LLC,
Real Party in Interest-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3PC151000243)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Real Party in Interest-Appellant 24HR Best Deal Bail
Bonds LLC (**Best Deal**) appeals from the July 31, 2018 Court Order
Granting in Part and Denying in Part *Motion to Set Aside Bail
Bond Forfeiture and Exonerate Bond*, Filed April 11, 2018 (**Order
Granting/Denying Set Aside**), entered by the Circuit Court of the
Third Circuit (**Circuit Court**).[1]

Best Deal raised four points of error on appeal,
contending that the Circuit Court:  (1 & 4) erred as a matter of
law and abused its discretion when it denied Best Deal's motion
to set aside bail bond forfeiture; and (2 & 3) erred when it

_____

[1]     The Honorable Henry T. Nakamoto presided.

transferred the subject bond from the District Court of the Third Circuit, Puna Division (**District Court**) to the Circuit Court.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Best Deal's points of error as follows:

Hawaii Revised Statutes (**HRS**) § 804-51 (2014) sets forth the procedure for bond forfeiture and provides:

> **§ 804-51 Procedure.** <u>Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond</u>, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court. If the motion or application, after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal or surety, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other event on the basis of which the court forfeited the bond or recognizance. If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.
>
> This section shall be considered to be set forth in full in words and figures in, and to form a part of, and to be included in, each and every bond or recognizance given in a criminal cause, whether actually set forth in the bond or recognizance, or not.

(Emphasis added).

Best Deal argues that the bond issued for Defendant-Appellee Rexford J. Milo's (**Milo's**) release was not "given" in the Circuit Court case within the meaning of HRS § 804-51.

HRS § 804-1 (2014) defines bail, and/or the giving of bail, as "the signing of the recognizance by the defendant and the defendant's surety or sureties, <u>conditioned for the appearance of the defendant at the session of a court of competent jurisdiction to be named in the condition</u>, and to abide by the judgment of the court." (Emphasis added). HRS § 804-19 (2014), entitled "Times for appearance," requires, in turn, that "persons let out on bail[] shall not only attend on the day appointed in their respective obligations, but at such other times as the court shall direct, <u>and the obligation continues until they are discharged by the court.</u>" (Emphasis added).

Interpreting HRS § 804-1, this court has articulated that a recognizance is "a bond or obligation, made in court, by which a person promises to perform some act or observe some condition, such as to appear when called. Most commonly, a recognizance takes the form of a bail bond that guarantees an unjailed criminal defendant's return for a court date." <u>State v. Nelson</u>, 139 Hawaiʻi 147, 161 n.7, 384 P.3d 923, 937 n.7 (App. 2016) (citation, brackets, and ellipsis omitted), <u>aff'd</u>, 140 Hawaiʻi 123, 398 P.3d 712 (2017). A bail bond is "a contract between the surety and the government that, if the government releases the principal from custody, the surety will undertake that the principal will appear personally at any specified time and place. It is thus the surety's responsibility to ensure the principal's attendance." <u>Id.</u> (citations, brackets, and ellipsis omitted); <u>see</u> <u>also</u> <u>Eastern Star, Inc. v. Union Bldg. Materials</u>

3

Corp., 6 Haw. App. 125, 133 n.12, 712 P.2d 1148, 1155 n.12 (1985).

Here, Best Deal acted as surety on the bond for Milo's release for charges relating to his arrest on April 18, 2015; that bond required Milo's appearance and compliance with further orders of a "court of competent jurisdiction," within the meaning of HRS § 804-1, and Best Deal's "obligation continue[d]" for such a time as Milo was held to answer until discharge of the bond under HRS § 804-19.

The Bail/Bond Receipt, Acknowledgment, and Notice to Appear, BBRA No. 300050753 (**BBRA**), submitted in a Form J as provided in Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 46(b) and signed by Best Deal's Surety Agent, contains a Notification to Third-Party Surety of Bail Bond Conditions/Obligations (**Notification to Best Deal**) stating, in pertinent part:

> I have read and understand the terms and conditions of bail signed by defendant. **I understand that this is a continuing bond that will remain in full force and effect, unless otherwise ordered by the court, until final determination of all proceedings in this case, including appeal.** If I wish earlier discharge from liability on this bond, I must surrender Defendant to the custody of any sheriff, chief of police, or their authorized subordinates. I understand that if Defendant fails to appear in court on the day and at the time indicated on this Receipt, Acknowledgment, and Notice to Appear Form or any other day and time ordered by the court, judgment for the full amount of this bail bond shall be entered in favor of the State. Any request to show good cause why the court should vacate the judgment of forfeiture must be filed within thirty (30) days from the date notice of the entry of judgment in favor of the state is given via personal service or certified mail, return receipt requested.

(Emphasis added). The Defendant's Acknowledgment of Terms and Conditions for Release on Bail or Recognizance, signed by Milo and incorporated in the Notification to Best Deal, states, in pertinent part:

> In order to be admitted to bail and released from custody or released on recognizance, I agree to comply with the terms and conditions of release on bail or recognizance set forth herein, all conditions imposed by law, and any additional conditions that a court may later impose on me.  I specifically understand and agree that:
>
> •        I must appear in person for all court hearings, including the hearing set forth above.  If I fail to appear, my release will be revoked, a bench warrant will be issued for my arrest, and I may be charged for bail jumping or contempt of court.
>
> . . . .
>
> •        If, at any time, I fail to appear in court on the day and at the time indicated on this Receipt, Acknowledgment, and Notice to Appear Form or any other day and time ordered by the court, any cash or bond posted for my release **WILL BE FORFEITED** to the State and **NOT RETURNED**.

Although the BBRA states that Milo was to appear in the District Court for his preliminary hearing to answer the charges in Case No. C10023134, nothing in the BBRA provides that the District Court was the only court in which Milo could be held to answer.  Rather, as set forth in both the BBRA and HRS § 804-19, the obligation continued through "all proceedings in this case, including appeal," and until discharged by the court, with such modifications as the court may have later imposed.  Necessarily, this obligation could, and often must, continue from the District Court to the Circuit Court.  See, e.g., HRPP Rule 5(c)(7)(iii)-(8) (in a felony prosecution, "[t]he district court, as authorized by [HRS] chapter 804, may admit the defendant to bail or modify bail any time prior to the filing of the written order committing the case to circuit court"; within 7 days of the oral order of commitment, the district court clerk "shall transmit to the circuit court . . . any bail deposited"); State v. Henley, 136 Hawaiʻi 471, 473, 480-81, 363 P.3d 319, 321, 328-29 (2015) (defendant charged by complaint and bailed in district court

5

bound over to circuit court upon his demand for a jury trial where bail evidently continued and was then increased); see also HRS § 806-8 (2014) (providing that in certain circumstances, such as the case at bar, the prosecution may elect to pursue a superseding indictment).

In addition, the Paper Bond issued by Best Deal states:

> CIRCUIT, FAMILY, or DISTRICT COURT OF THE STATE OF HAWAII
>
> Police Report Number(s): C10023134
>
> DEFENDANT: Rexford Milo, DOB: [**-**-**], having been admitted to bail and ordered to appear in court in the State of Hawaii.
>
> KNOW ALL MEN BY THESE PRESENTS:
>
> **THAT THE UNDERSIGNED SURETY, OR SURETIES, AS SURETY, HEREBY UNDERTAKE THAT THE SAID DEFENDANT WILL APPEAR AND ANSWER ALL CHARGES MENTIONED IN WHATEVER COURT IT MAY BE PROSECUTED WITHIN THE STATE OF HAWAII, AND WILL AT ALL TIMES BE AMENABLE TO THE ORDERS AND PROCESS OF THE COURT**, AND, WILL APPEAR FOR JUDGEMENT, AND RENDER SELF IN EXECUTION THEREOF, OR FAILING TO PERFORM EITHER OF THESE CONDITIONS WILL PAY TO THE STATE OF HAWAII, AS PROVIDED IN [HRS § 804-51]
>
> THE SUM OF: Twelve thousand ————— dollars ($12,000.00).
>
> **BOND VALID ONLY FOR THOSE CHARGES LISTED UNDER THE ABOVE REPORT AND OR CRIMINAL NUMBERS AS OF THE DATE STATED HEREIN. BOND IS CANCELLED AND SURETY EXONERATED UPON SENTENCING, DAG PLEA OR DISMISSAL.**

(Bold emphasis added; format altered).

In light of the identification of each of the circuit, family, and district courts, and the broad language guaranteeing Milo's appearance "in whatever court [the charges] may be prosecuted," Best Deal's obligation was not limited to securing Milo's presence in the District Court, as Best Deal contends. Rather, the obligation attached to Milo being held to answer for the charges contained in the Arrest Report, C10023134, whether prosecuted in the District Court or Circuit Court.

6

We conclude that Best Deal was the surety in the "criminal cause" of Milo's prosecution in the District Court, and that its obligations as stated in the bond documents continued through the superseding indictment in the Circuit Court.  Thus, we reject Best Deal's argument that it was not a surety or principal when Milo failed to appear in the Circuit Court.  Accordingly, we reject Best Deal's related arguments that the March 28, 2016 Order of Forfeiture of Bail and Final Judgment of Forfeiture (**Forfeiture Judgment**) should never have been issued and the Circuit Court erred in failing to set aside the Forfeiture Judgment.

For these reasons, the Circuit Court's July 31, 2018 Order Granting/Denying Set Aside is affirmed.

DATED: Honolulu, Hawaiʻi, November 18, 2021.

On the briefs:

Matthew Nardi,
for Real Party in Interest-
 Appellant.

Michael S. Vincent,
Dean A. Soma,
Steve A. Bumanglag,
Deputy Attorneys General,
State of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge